IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| WESTERN RESERVE LIFE ASSURANCE CO. OF OHIO,<br><br>    Plaintiff,<br><br>vs.<br><br>G. RANDALL BRATTON, GARY G. BRATTON, BRATTON FINANCIAL SERVICES CORPORATION, and BRATTON INTERNATIONAL, INC.,<br><br>    Defendants. | No. C04-0081 |
| BRATTON FINANCIAL SERVICES CORP., BRATTON INTERNATIONAL, INC. (f/k/a IMG International, Inc.), GARY G. BRATTON and G. RANDALL BRATTON,<br><br>    Plaintiffs,<br><br>vs.<br><br>WESTERN RESERVE LIFE ASSURANCE COMPANY OF OHIO and AEGON INSURANCE GROUP,<br><br>    Defendants. | No. C05-0028<br><br>**ORDER** |

    This matter comes before the court pursuant to the June 30, 2005 motion of defendants/counterclaim-plaintiffs G. Randall Bratton, Gary G. Bratton, Bratton Financial Services Corporation, and Bratton International, Inc. ("the Brattons") for leave to amend its answer and counterclaims (docket number 75). Specifically, the Brattons move to amend their amended answer, counterclaims/third-party complaint and jury demand to

correctly name "AEGON USA, Inc." as the counter-defendant originally identified as "AEGON Financial Partners."

Western Reserve Life Assurance Co. of Ohio ("WRL") resists the Brattons' motion to amend, arguing that it should be denied because the proposed amendment would be futile.[1] According to WRL, the Brattons' proposed amended answer and counterclaims would not survive a Rule 12(b)(6) motion to dismiss as the Brattons' claims are all based on alleged representations made by individuals who are not employees or agents of AEGON USA, Inc. Rather, WRL is a wholly-owned subsidiary of AEGON USA, Inc., a holding company which owns multiple such subsidiaries. WRL contends that WRL and AEGON USA, Inc. are entirely separately entities, and AEGON, USA, Inc. cannot be held liable for the acts of WRL merely on the basis of its status as WRL's parent company.

The Brattons reply that the proposed amendment would not be futile as it contains allegations sufficient to state claims against AEGON USA, Inc. When analyzing the adequacy of a complaint under Fed. R. Civ. P. 12(b)(6), the factual allegations contained therein must be accepted as true and must be viewed in the light most favorable to the plaintiff. Applying this standard, the Brattons argue that its proposed amendment shows that AEGON, USA, Inc. entered into an enforceable agreement with the Brattons and engaged in conduct that entitles the Brattons to recover from AEGON, USA, Inc. on its quasi-contractual claims.

Fed. R. Civ. P. 15(a) provides that leave to amend shall be freely given when justice so requires. The Supreme Court has stated that the granting of leave to amend is within the discretion of the district court. Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330 (1971). However, in the absence of a good reason for the denial of the

---

[1]On April 21, 2005 WRL filed a motion to dismiss (docket number 71), requesting that the claims against AEGON Financial partners be dismissed on the grounds that AEGON Financial Partners is not a legal entity capable of being sued. This motion has yet to be ruled on, but is likely rendered moot by the granting of the Brattons' motion to amend.

2

motion, such as undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the defendant or futility of the amendment, denial of leave to amend is an abuse of discretion. Foman v. Davis, 371 U.S. 178, 182 (1962).

The Brattons' motion for leave to amend is granted. At this early juncture in the proceedings, the court cannot say that the Brattons' amendment would be futile. Moreover, there is no evidence of undue delay, bad faith, dilatory motive, or prejudice to WRL or AEGON USA, Inc. by allowing the amendment.

Upon the foregoing,

IT IS ORDERED that the Brattons' motion for leave to amend answer and counterclaims (docket number 75) is granted.

July 26, 2005.

_____
JOHN A. JARVEY
Magistrate Judge
UNITED STATES DISTRICT COURT