IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| WESTERN RESERVE LIFE ASSURANCE COMPANY OF OHIO,<br><br>    Plaintiff/Counterclaim Defendant,<br><br>vs.<br><br>G. RANDALL BRATTON, GARY G. BRATTON, BRATTON FINANCIAL SERVICES CORPORATION and BRATTON INTERNATIONAL, INC.,<br><br>    Defendants/Counterclaim Plaintiffs. | No. C-04-81-LRR<br><br>**ORDER REGARDING ORDER OF PROOF AT TRIAL** |

_____

The matter before the court is the Motion to Strike Defendants' Request for Modification of the Order of Proof at Trial ("the Motion") (docket no. 122), filed by Western Reserve Life Assurance Company of Ohio ("WRL")[1] on May 4, 2006.

In Section V(B)(2) of the proposed joint Final Pretrial Order, presented by the parties to Chief Magistrate Judge John A. Jarvey on about May 5, 2006, the Brattons request that "the Court modify the order of proof at trial to allow them to present proof of their affirmative counterclaims for relief first because they bear the burden of proof to the jury on those claims." In the Motion, WRL makes four arguments. First, WRL

---

[1] The Motion was a joint motion by WRL and AEGON USA, Inc. The court refers to WRL, however, because the counterclaims against AEGON USA, Inc., were dismissed by the court in a May 10, 2006 summary judgment order (docket no. 133).

argues that the request should be stricken because it should have been raised in a motion. Second, WRL argues that the issue was previously resolved in an April 4, 2005 Report and Recommendation ("R&R") in which Judge Jarvey stated: "WRL will be identified as the 'plaintiff' and 'counterclaim defendant.' The Brattons will be identified as the 'defendant' and 'counterclaim plaintiff.'" WRL argues that, because the Brattons did not object to the R&R, they cannot now request that the order of proof be changed. Third, WRL relies on an unpublished district court case, *Litton Systems, Inc. v. VHC, Inc.*, No. CIV. A. 398CV0357-P, 1998 WL 386164 (N.D. Tex. July 8, 1998), and argues that, because WRL has an affirmative burden to prove certain facts, it should be allowed to present evidence first even though it is seeking declaratory relief, not monetary damages. Finally, WRL argues that it would be highly prejudicial to WRL to realign the order of proof at this late stage in the case.

"Decisions as to the order of proof lie within the sound discretion of the district courts . . . ." *United States v. Dittrich*, 100 F.3d 84, 86 (8th Cir. 1996). "Ordinarily, the trial court extends the privilege of opening and closing the case to the party that has the burden of proof." *Anheuser-Busch, Inc. v. John Labatt Ltd.*, 89 F.3d 1339, 1344 (8th Cir. 1996). Some district courts have determined that the party who proceeds first at trial is "typically the plaintiff, even where the plaintiff seeks only or even primarily a declaratory judgment." *L-3 Commc'ns Corp. v. OSI Sys., Inc.*, 418 F. Supp. 2d 380, 383 (S.D.N.Y. 2005) (citing *Rowan Cos., Inc. v. Ainsworth*, 50 F. Supp. 2d 588, 590-91 (W.D. La. 1999)). In deciding whether to realign the parties, other district courts have considered which order of proof is more efficient and understandable for the jurors; that is, whether the plaintiff or counterplaintiff should proceed first. *See Allendale Mut. Ins. Co. v. Bull Data Sys., Inc.*, No. 91C6103, 1995 WL 5895, *2 (N.D. Ill. 1995) (citing Federal Rule of Civil Procedure 16 and Federal Rule of Evidence 611 and concluding that

allowing the counterclaimants to proceed first at trial is promoting "the Court's goal of ensuring the presentation of evidence to the fact-finder in an orderly and sensible manner"); *Sweet Jan Joint Venture v. FDIC*, 809 F. Supp. 1253, 1258 (N.D. Tex. 1992) (concluding that the defendants should present proof first at trial because such an order of proof would be the "clearest manner in which to present this case to the jury").

It is immaterial whether the Brattons properly requested the change in order of proof in a request or motion, because this court has discretion as to whether to allow the Brattons to proceed first. *See Dittrich*, 100 F.3d at 86. Moreover, the court finds the argument regarding the Brattons' failure to object to Judge Jarvey's April 4, 2005 R&R equally unpersuasive. That R&R dealt with a motion to strike a reply and a motion to consolidate. Judge Jarvey did not purport to set the order of proof at trial in that R&R. The court also declines to follow the *Litton Systems* case because it is not the law in this circuit.

Finally, the court rejects WRL's argument that it will be highly prejudiced if it is not allowed to present evidence first at trial. Given the claims in this case and the discretion the court has over the order of proof at trial, it should not come as a surprise to WRL that the court would allow the Brattons to proceed first at trial. *See* Fed. R. Evid. 611 (providing that "[t]he court shall exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence . . . ."). The parties agree that, here, WRL has the burden of proof on its declaratory judgment claims and the Brattons bear the burden of proof on their counterclaims. *See* Proposed Joint Jury Instructions (docket no. 125). The parties also agree that the jury should be instructed as to each of the counterclaims but that the court will decide the declaratory judgment action. *Id.* at Instruction No. 1-B ("It will be [the court's] duty to decide from the evidence whether WRL is entitled to a verdict against the Brattons, and it will be [the jury's] duty to decide from the evidence whether the Brattons are entitled to a verdict against WRL . . . .").

3

Although the Eighth Circuit Court of Appeals has approved of a plaintiff proceeding first in an action where the plaintiff seeks a declaratory judgment and the defendant makes a counterclaim, the court declines to do so here. *See, e.g.*, *Anheuser-Busch*, 89 F.3d at 1344 (upholding the district court's denial of Labatt's motion to realign the parties since "[b]oth Labatt and [Anheuser-Busch] bore the burden of proof on distinct counts of their causes of action. The District Court understandably chose to allow the actual plaintiff, the party that filed the lawsuit, to proceed first.").

The Brattons bear the burden of proof on each claim that the jury will be asked to decide, therefore, the court will change the sequence in which the parties present evidence at trial and allow the Brattons to open and close the case. That is, the Brattons may present their opening statement first, then WRL may present its opening statement, then the Brattons may present their case-in-chief, and then WRL may present its case-in-chief. Each party will then be given the opportunity to present appropriate rebuttal or surrebuttal evidence. The Brattons are then directed to present a closing argument, followed by WRL's closing argument and, finally, the Brattons' rebuttal argument.

**IT IS SO ORDERED.**
**DATED** this 18th day of May, 2006.

LINDA R. READE
JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA